# 96 DTA 141

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE BAYAMON
PANEL II - SUSTITUTO C**

SUCESION DE MARCELINO LUCIANO
Demandante-Apelado

v.

TEODOSIA CIRILO VDA. DE LUCIANO
Demandada-Apelante

Núm. KLAN-95-00263

San Juan, Puerto Rico, a 24 de septiembre de 1996

Panel integrado por su presidenta, Juez Rivera de Martínez
y los Jueces Martínez Torres y Rodríguez García

Rivera de Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante el presente recurso de Apelación la Sra. Teodosia Cirilo Vda. de Luciano solicita que revoquemos una sentencia dictada el 30 de enero de 1995, ▇ por voz del Hon. Benigno Dapena Yordán, Juez del Tribunal de Primera Instancia, Sala Superior de Bayamón, declarando con lugar una demanda sobre división de la comunidad hereditaria del causante Marcelino Luciano Chico.

Debemos resolver si el Tribunal de Primera Instancia erró al declarar con lugar la demanda de epígrafe ordenando la partición de la herencia y el cómputo de las rentas producidas por dos bienes inmuebles desde la fecha de la muerte del causante.

Exponemos a continuación los hechos sobresalientes del caso y el tracto procesal que originan el presente recurso.

### I

De acuerdo con la prueba creída por el tribunal de instancia, el 4 de mayo de 1985 en el Municipio de Bayamón, Puerto Rico, falleció intestado el Sr. Marcelino Luciano Chico. Para esa fecha estaba casado con la Sra. Teodosia Cirilo y ambos bajo la sociedad legal de gananciales eran dueños de dos (2) propiedades inmuebles dedicadas al comercio, una ubicada en la la Calle Núm. 30, esquina Ave. Laurel, Bloque L-29, Santa Juanita, y la otra en Ave. Laurel L-30, Santa Juanita, ambas en jurisdicción de Bayamón. Desde la muerte del señor Luciano, su viuda ha mantenido el control de estas propiedades. Ambas propiedades producen rentas.

La propiedad identificada como L-30 tiene tres locales comerciales y la L-29 tiene una edificación de dos plantas, dedicándose a comercio la primera y a vivienda de alquiler la segunda. La parte demandada ha cobrado y retenido las rentas producidas por estas propiedades. El causante no dejó descendientes ni ascendientes.

El 24 de abril de 1992 los hermanos y sobrinos del causante, Anastacia Luciano Chico, María Luciano Chico, Juan Luciano Chico, José Enrique Luciano Rodríguez, Aida Margarita Maldonado Luciano, Jaime Maldonado Luciano, Luz Enilda Ruiz Luciano y Carmen Ruiz Luciano, presentaron una demanda contra la señora Cirilo Vda. de Luciano, solicitando la división de la comunidad hereditaria. Básicamente, alegaron que la demandada se había negado a brindarles información sobre el estado de la declaratoria de herederos y de las rentas producidas por los dos (2) inmuebles antes mencionados. Adujeron que siendo esa la situación, se encontraban en total indefensión frente a las actuaciones de la demandada, por lo que solicitaron que fueran declarados herederos del causante y se dividiera la totalidad de los bienes relictos, sujeto a lo que el ordenamiento jurídico dispone en cuanto a la cuota viudal usufructuaria.

Oportunamente la parte demandada contestó la demanda oponiéndose a la misma. En resumen, presentó como defensa afirmativa que la demora en la tramitación de la declaratoria de herederos se debió a los propios demandantes. También adujo que las propiedades se han mantenido en buenas condiciones gracias a su gestión y que los demandantes nunca han contribuido a su mantenimiento.

Luego de varios trámites judiciales, se celebró la vista y ambas partes comparecieron mediante representación legal. La controversia quedó reducida a determinar si los demandantes tenían derecho a computar y recibir las rentas cobradas y retenidas por la demandada desde el día del fallecimiento del causante o desde la fecha en que se presentó la demanda de epígrafe.

El 30 de enero de 1995 el tribunal de instancia emitió una sentencia declarando CON LUGAR la demanda. Entre otras cosas, ordenó la partición de la herencia, y que se calcularan las rentas producidas por los inmuebles a partir de la fecha del fallecimiento del causante. Oportunamente la parte demandada presentó una moción de reconsideración, la cual fue rechazada de plano.

Inconforme con la decisión del tribunal de instancia, el 28 de marzo de 1995 la parte demandada presentó el escrito de apelación ante nos, alegando como error lo siguiente:

Incide en error el Tribunal de Instancia al determinar que las rentas devengadas por el caudal hereditario deben pagarse a los herederos desde la fecha del fallecimiento del causante. Este [sic] determinación es contraria a derecho y prueba. Erroneamente [sic] se concluye por el Honorable Tribunal de Instancia que el inmueble L-29, en la dirección antes mencionada, tiene una edificación y que su primera planta está dedicada a comercio y vivienda.

Luego de perfeccionado el recurso, estamos en posición de resolver.

## II

El Artículo 944 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 2772, dispone:

*"Los efectos de la aceptación y de la repudiación se retrotraen siempre al momento de la muerte de la persona a quien se hereda."*

De lo antes expuesto, se desprende que aun cuando la herencia sea aceptada o repudiada años más tarde, los efectos se retrotraen a la muerte del causante. En el caso de *Rivera Rivera v. Monge Rivera,* 117 D.P.R. 464, 482 (1986), nuestro Tribunal Supremo reafirmó este principio al interpretar el alcance del Artículo 369 del Código Civil, 31 L.P.R.A. sec. 1443, como a continuación citamos:

*"El Art. 369 del Código Civil, 31 L.P.R.A. sec. 1443, establece que "[l]a posesión de los bienes hereditarios se entiende trasmitida al heredero, sin interrupción y desde el momento de la muerte del causante, **en el caso de que llegue a adirse la herencia".** (Enfasis suplido). "Adir" significa, " [a]ceptar la herencia tácita o expresamente".* (Citas omitidas).

También en el caso *Arrieta Barbosa v. Chinea Viuda de Arrieta,* ___ D.P.R. ___ (1995), **95 J.T.S. 157,** a la pág. 359, nota al calce (5), el Tribunal Supremo hizo un análisis que resulta muy pertinente:

*"En la doctrina erudita, se ha discutido la cuestión de si la investidura de la posesión de los bienes hereditarios ocurre automáticamente desde el momento del fallecimiento del causante o si, por el contrario, ello sólo puede ocurrir una vez la herencia haya sido aceptada. En Puerto Rico, Guaroa Velázquez expresó su criterio de que la posesión se transmite desde el momento del fallecimiento del de cujus (G. Velázquez, supra, p. 51-52). Sin embargo, el Profesor Alberto Blanco rebatió tal tesis. Expresó su opinión de que, en Puerto Rico, debe prevalecer la doctrina dominante entre los comentaristas españoles, también sostenida por el Tribunal Supremo de España, de que la adquisición de la herencia no ocurre ipso jure, sino que requiere la aceptación del heredero. A. Blanco, La Adquisición de la Herencia en el Derecho Civil de Puerto Rico, 34 Rev. Jur. de la U.P.R. 5 (1965). Por otra parte, el Profesor González Tejera coincidio con esta última postura. Resaltó que, conforme lo dispuesto en el Artículo 369 del Código Civil, 31 L.P.R.A. 1443, la posesión de los bienes se transmite desde el fallecimiento del causante pero sólo en el caso en que llegue a adirse la herencia, esto es, a aceptarse la misma. González Tejera, supra, págs. 143-144. Tal es también la opinión de Vélez Torres, supra, págs. 443-444; y la que este Foro adoptó, en general, en Rivera Rivera v. Monge Rivera, supra."*

En el caso ante nos, los demandados presentaron ante el Registro de la Propiedad los documentos pertinentes para inscribir a su nombre, el único bien hereditario, el 20 de marzo de 1954, lo que constituyó una aceptación tácita de la herencia. Véase, *González Campos v. González Mezerene,* ___ D.P.R. ___ (1995), **95 J.T.S. 140.** Véase, además, *Burgos Orellano v. Tribunal Superior,* 101 D.P.R. 635 (1973). Por ello, su posesión común del caudal relicto se retrotrae a la fecha de fallecimiento del causante. (Enfasis nuestro.)

A tenor de las consideraciones legales que anteceden, evidentemente, en el presente caso el derecho a las rentas que producen los bienes inmuebles dedicados al alquiler, se retrotraen al 4 de mayo de 1985, fecha en que falleció el causante, Luciano Chico.

La argumentación de la parte demandada-apelante en el sentido de que las rentas devengadas del

caudal hereditario deben pagarse a los herederos desde la fecha en que éstos presentaron la demanda porque, alegadamente, la aceptación de la herencia no se retrotrae a la muerte del causante, no está sostenida por el Derecho aplicable.

Cuando el texto de la ley es claro y libre de ambiguedad, no debe ser menospreciado bajo el pretexto de cumplir su espíritu. De este modo, evitamos resultados absurdos e irrazonables. Artículo 14 del Código Civil, 31 L.P.R.A. Sec. 14, *Santini Rivera v. Serv. Air, Inc.*, ___ D.P.R. ___ (1994), **94 J.T.S. 121;** *Vázquez v. Adm. de Reglamentos y Permisos*, ___ D.P.R. ___ (1991), **91 J.T.S. 53**; *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772 (1968); *M. Mercado e Hijos v. Junta Azucarera*, 95 D.P.R. 852 (1968).

Del análisis integral de las disposiciones transcritas y de los pronunciamientos judiciales citados, podemos concluir que el tribunal de instancia no erró al declarar con lugar la demanda en el caso de autos y disponer que la aceptación de la herencia tiene efecto retroactivo a la muerte del causante.

Por último, resulta frívola la alegación de la apelante en el sentido de que el tribunal de instancia erró al establecer que debía pagar a los herederos la renta que devengó la segunda planta del inmueble, donde ésta tiene alegadamente su residencia. La sentencia dispuso que se computarán todas las rentas producidas por los bienes inmuebles objeto de controversia en el caso. Ello quiere decir que el inmueble que no haya producido renta, ya sea porque la apelante lo utilizó como residencia o por alguna otra razón, no se contabilizará como una renta producida en favor de la comunidad hereditaria.

### III
Por los fundamentos que anteceden, confirmamos la sentencia apelada.

Remítase el mandato al Tribunal de Primera Instancia para la continuación de los procedimientos judiciales en forma consistente con la presente Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIO 96 DTA 141**

**1.** Dicha sentencia fue notificada el 28 de febrero de 1995.